IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) BRAULIO AGOSTO-VEGA<br>(Counts One, Two, Three and Four)<br>2) JUAN AGOSTO-VEGA<br>(Counts One, Two, Three and Four)<br>3) BRAULIO AGOSTO MOTORS, INC.<br>(Counts Two and Three)<br>Defendants | CRIMINAL 05-0157CCC |

**O R D E R**

      Before the Court is the Joint Motion to Dismiss the Indictment for Selective Prosecution filed by all three defendants on October 11, 2005 (**docket entry 48**). Defendants have submitted two exhibits in support of their allegations that others similarly situated have not been prosecuted (**docket entry 49**). Exhibit A is a "Sanitary Survey: Inventory of Potential Contamination Sources" performed in the Espíritu Santo River basin in the Jiménez ward of the municipality of Río Grande, which includes photographs. This survey includes a chart naming fifteen individuals and the Municipality of Río Grande as "possible sources of potential contamination." Examples of the contamination in the Hacienda Jiménez area listed in the chart are lack of a percolation pool in pig pens which allow waste to go directly into the ground, existence of a septic tank 18 feet from the edge of the creek, and raw water intake activity at a certain location by the Puerto Rico Aqueduct and Sewers Authority (PRASA). Exhibit B is entitled "Sewage Discharges to Surface Waters" submitted in support of the allegation that "approximately 1.3 million gallons are discharged by [ ] PRASA through the Caño Martín Peña into the San Juan Bay Estuary but no action is taken by the government." Motion to Dismiss, at pp. 4-5.

      The government's opposition filed on October 21, 2005 (**docket entry 51**) states that the defendants have failed to prove, as required in U.S. v. Armstrong, 517 U.S. 456, 465

CRIMINAL 05-0157CCC                                         2

(1996), that the federal prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose."

First Circuit case law, citing <u>Armstrong</u> and other Supreme Court cases on selective prosecution, have clearly established that in order to overcome the threshold presumption that a prosecutor acted in good faith, the defendant must demonstrate

> (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has ben singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

<u>United States v. Peñagaricano-Soler</u>, 911 F.2d 833, 837 (1st Cir. 1990).  <u>See also</u> <u>United States v. Lewis</u>, 40 F.3d 1325, 1345 (1st Cir. 1994).

Citing <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 364 (1978), defendants contend in their dismissal motion that they "were selected for small alleged violations while other entities are not even penalized through an administrative or civil action because they are part of the government while the defendants are private citizens." Motion to Dismiss, at p. 2.  At page 4, they claim that the persons targeted for prosecution under the Clean Water Act in this District are "businessmen with high incomes and good occupations" while a government agency such as PRASA is not found criminally liable.  Suffice it to say that <u>Bordenkircher</u> does not stand for the proposition raised by defendants.  The Court there held that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before the grand jury, generally rests entirely in his discretion" and that "'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification.'" <u>Bordenkircher</u>, 434 U.S. at 364 (quoting <u>Oyler v. Boles</u>, 368 U.S. 448, 456 (1962).

Additionally, we must reject the allegation that the United States in this District turns a blind eye when government agencies are involved in environmental violations.  The Court takes judicial notice of two long-standing institutional cases in which government agencies have been heavily fined and/or their operations placed under the strict supervision of Court-appointed monitors.  See <u>United States v. Puerto Rico Aqueduct and Sewer Authority</u>, Civil No. 78-

CRIMINAL 05-0157CCC                3

0038(CCC); <u>United States v. Puerto Rico Electric Power Authority</u>, Civil No. 93-2527(CCC). As the First Circuit observed with regard to a claim of selective prosecution that similarly-situated mainland bank officers were treated less severely, "it is of no legal significance whether defendant was considered especially deserving of exemplary prosecutorial action in the interest of deterring other bankers, in Puerto Rico and elsewhere, from similar disregard of the currency transaction reporting requirements of federal law." <u>Peñagarícano-Soler</u>, 911 F.2d at 838.

Not only have defendants failed to prove a <u>prima facie</u> case that they were treated differently from others similarly situated; they have not presented any evidence to show that the decision to prosecute them was deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification. Defendants did not even attempt to demonstrate this in their motion, as they presented neither arguments nor evidence that the government's actions were motivated by a discriminatory purpose as required by <u>Oyler</u>, 368 U.S. at 456, and reaffirmed in <u>Armstrong</u>, 517 U.S. at 465.

For the reasons stated, the Joint Motion to Dismiss the Indictment for Selective Prosecution (**docket entry 48**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on November 29, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge