IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>**1) BRAULIO AGOSTO-VEGA**<br>(Counts One, Two, Three and Four)<br>2) JUAN AGOSTO-VEGA<br>(Counts One, Two, Three and Four)<br>3) BRAULIO AGOSTO MOTORS, INC.<br>(Counts Two and Three)<br>Defendants | CRIMINAL 05-0157CCC |

**O R D E R**

      The Court has before it a Second Motion for Reconsideration of Court's August 22, 2007 Order and Request to be Sentenced According to Plea Agreement filed by defendant Braulio Agosto-Vega on October 26, 2007 (**docket entry 153**).  Defendant once again seeks reconsideration of the Court's Order issued on August 22, 2007 (docket entry 123) which rejected the Fed.R.Crim.P. 11(c)(1)(C) Plea Agreement (docket entry 102) he had entered with the government after it found unacceptable the sentencing stipulation contained in it.

      A brief review of the salient events pertaining to defendant Braulio Agosto's latest motion is in order.  On March 4, 2007, defendant filed a motion announcing that it had reached a plea agreement with the government and requesting the scheduling of a change of plea hearing (docket entry 96).  On March 13, 2007, that motion was referred to U.S. Magistrate-Judge McGiverin for a change of plea hearing and report and recommendation (docket entry 97).  U.S. Magistrate-Judge McGiverin held the hearing on March 23, 2007 (docket entry 101), and on that same date issued his Report and Recommendation (R&R) (docket entry 104).  In the Report, U.S. Magistrate-Judge McGiverin concluded that

defendant had voluntarily, knowingly and intelligently entered his plea of guilty, and thus recommended "that the court accept the guilty plea and that the defendant be adjudged guilty as to Count Two of the indictment." R&R, at pp. 6-7.

On April 9, 2007, the Court issued its Order approving the Report and Recommendation and accepting defendant's plea of guilty after finding that "his plea was voluntary and intelligently entered with awareness of his rights and the consequences of pleading guilty and contains all elements of the offense charged in the indictment." Docket entry 105. The Court also noted that the case had been referred to the U.S. Probation Office for preparation of the Pre-Sentence Report since March 23, 2006 and the sentencing hearing was set for June 28, 2007.[1] The Court made no expression then as to its acceptance or rejection of the terms of the Plea Agreement itself.

Upon reviewing defendant's Plea Agreement due to the approaching sentencing date, the Court noted a discrepancy as to the Fed.R.Crim.P. 11 subdivision that the parties identified within its text as governing its terms and issued an Order on August 10, 2007 (docket entry 119) requiring its clarification. The parties did so by filing a Joint Motion in Compliance on August 15, 2007(docket entry 120) where they informed that the Plea Agreement had been entered pursuant to the provisions of Fed.R.Crim.P. 11(c)(1)(C). On August 22, 2007, the Court issued its Order (docket entry 123) rejecting defendant's Plea Agreement. The parties then filed on August 30, 2007 a Joint Motion seeking reconsideration of that ruling (docket entry 125), which the Court set for oral argument on September 14, 2007. After considering the arguments of the parties and the additional evidence submitted during the hearing, the Court summoned defendant to court to be personally notified of its ruling on the motion (see docket entry 148). On October 11, 2007, the Court denied the reconsideration motion (docket entry 149), and said Order was read to defendant in open court on that same date by U.S. Magistrate Judge Vélez-Rivé. Defendant was there personally informed, as required by Fed.R.Crim.P. 11(c)(5)(A)(B)( c),

---

[1] The sentencing hearing was later reset to August 16, 2007 due to a continuing legal education seminar offered by the U.S. Sentencing Commission on June 28, 2007 (see docket entry 113) and to August 31, 2007 due to the Clerk's Office Annual Convention which was held on August 16, 2007 (docket entry 114).

that the Court had rejected the plea agreement and was no longer required to follow it, was given the opportunity to withdraw his plea of guilty, and was advised that if the plea of guilty was not withdrawn the Court could dispose of his case less favorably than what the plea agreement contemplated.

Contrary to defendant's first motion for reconsideration (docket entry 125), which was jointly filed with the United States and was solely based on the alleged saving graces the parties found on the terms of the Plea Agreement, the latest request is purely based on a purported procedural defect of the Court's rejection of the Plea Agreement.  Defendant now claims that when the Court accepted defendant's plea of guilty upon its adoption of the R&R, it failed to state that it was deferring acceptance of the plea agreement until it reviewed the Pre-Sentence Investigation Report allegedly in violation of Fed.R.Crim.P. 11 and, thus, accepted the Rule 11(c)(1)(C) agreement.

One initial flaw in defendant's position is that he equates acceptance of his guilty plea, which is the only thing the Court did when it approved the U.S. Magistrate-Judge's R&R, with the acceptance of his plea agreement under Rule 11(c)(1)(C).  But as the Supreme Court made clear in United States v. Hyde, 117 S.Ct. 1630, 1632-33 (1997), "[n]othing in the text of Rule 11 supports these conclusions.  In fact, the text shows that the opposite is true:  Guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time."  The Court added at page 1634:

> . . . the Rules nowhere state that the guilty plea and the plea agreement must be treated identically. . . .  If the court accepts the agreement and thus the Government's promised performance, then the contemplated agreement is complete and the defendant gets the benefit of his bargain.  But if the court rejects the Government's promised performance, then the agreement is terminated and the defendant has the right to back out of his promised performance (the guilty plea), just as a binding contractual duty may be extinguished by the nonoccurrence of a condition subsequent.

A second flaw in defendant's argument is his self-serving conclusion that, because the Court at the time it accepted his plea of guilty did not express whether it was accepting, rejecting or deferring decision on its plea agreement until it had reviewed the PSR, it necessarily meant that the plea agreement had also been accepted.  This reasoning simply defies logic.  If the Court made no outright expression on its acceptance or rejection of the Rule 11(c)(1)(C) plea agreement, what logic dictates is that it was keeping all of its options open.

CRIMINAL 05-0157CCC                                  4

      The last flawed argument is that once a court accepts a Rule 11(c)(1)(C) plea agreement it may not reconsider its decision and is forever bound by the sentencing stipulation. Even assuming that the Court had accepted his Rule 11(c)(1)(C) plea agreement at any time during these proceedings, which the record reveals was clearly not the case, it could always withdraw its approval before sentencing. As recognized in United States v. Cervantes-Valencia, 322 F.3d 1060, 1062 (9th Cir. 2003), (in dealing with a Rule 11(c)(1)(c) agreement, "if the court decides that a different sentence is required, approval of the plea agreement must be withdrawn and the parties must be returned to their pre-plea posture."

      Defendant's Second Motion for Reconsideration of Court's August 22, 2007 Order and Request to be Sentenced According to Plea Agreement (**docket entry 153**) is DENIED. Defendant shall inform by NOVEMBER 30, 2007 whether he will withdraw his plea of guilty. Defendant is once again advised that if he opts not to withdraw the plea of guilty, the Court may dispose of the case less favorably toward him than the Plea Agreement contemplated.

      SO ORDERED.

      At San Juan, Puerto Rico, on November 15, 2007.


                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge