IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>**1) BRAULIO AGOSTO-VEGA**<br>(Counts One, Two, Three and Four)<br>2) JUAN AGOSTO-VEGA<br>(Counts One, Two, Three and Four)<br>3) BRAULIO AGOSTO MOTORS, INC.<br>(Counts Two and Three)<br>Defendants | CRIMINAL 05-0157-01CCC |

**ORDER**

Before the Court is the Motion filed on February 17, 2016 by U.S. Probation Officer Abner Valcárcel (**D.E. 561**) requesting that the 3-year probation term imposed upon defendant [1] Braulio Agosto-Vega on February 28, 2013, and which expires tomorrow, be extended in order to provide additional time for him to initiate the construction phase of the sanitary sewer system for the fifty-seven (57) houses of the Mansiones de Hacienda Jiménez Housing Development which was one of his conditions of probation. It appears that the construction has not yet begun due to circumstances beyond defendant's control, namely delays caused by government agencies. Defendant moved to dismiss the U.S. Probation Officer's petition on February 18, 2016 (D.E. 562), arguing that he has acted in good faith and no allegation has been made of him having violated his conditions of probation. The United States, in turn, while acknowledging the delays in the construction project caused by the bureaucratic process, joined the U.S. Probation Officer's request for an extension of the probationary term to allow for commencement of the construction project (**D.E. 567**).

CRIMINAL 05-0157-01CCCC            2

    As relevant background to the U.S. Probation Officer's February 17, 2016 motion before the Court is the following information included at pages 2-3 of said motion:

> As such, on February 2, 2016, the U.S. Probation Officer and Mr. Agosto-Vega met to discuss the alternative of having his probation term extended to allow time for the funding of the project by EPA and finally have the probationer and PRASA in agreement to commence the construction phase of the project. He was explained and presented with Probation Form 49-Waiver of Hearing. However, Mr. Agosto-Vega declined to sign the aforementioned form indicating that he wanted to exercise his right to discuss the matter with an attorney. Upon respecting Mr. Agosto-Vega's decision and giving time to discuss the matter with an attorney, his response was obtained on February 16, 2016, by way of attorney Homero González. Mr. Agosto-Vega declined to sign Probation Form 49-Waiver of Hearing, not in agreement to have his probation term extended.

    On February 18, 2016, the matter was referred to U.S. Magistrate-Judge Bruce J. McGiverin for an expedited hearing and report and recommendation (D.E. 563). The hearing was held today from 9:23 AM to 10:04 AM, and a Report and Recommendation issued at 2:13 PM. In his Report, and relying on case law, the Magistrate-Judge rebuffed defendant's argument that his probation could not be extended absent the finding of a violation. He then expressly found that extension of the probationary term would benefit "the best interest of society" for the original term imposed was below the maximum period allowed and the construction project might not come to fruition but for such an extension. Thus, he recommended that the probation term of defendant Agosto-Vega be extended from the original three (3) years imposed to five (5) years. The parties were granted until today at 4:30 PM to file their objections.[1]

---

[1] Defendant filed at 3:57 PM an Urgent Motion for Extension of Time to File Objections to Magistrate-Judge's Report and Recommendation requesting a 14-day extension to the 4:30 PM deadline (**D.E. 572**), claiming that it was

CRIMINAL 05-0157-01CCCC           3

    Having carefully considered the Magistrate-Judge's Report and Recommendation, and further considering that construction of the sanitary sewer system was a cardinal component of the sentence of probation imposed upon defendant for his admitted violation of 33 U.S.C. §§ 1311 and 1319(c)(2)(A) by discharging a pollutant into a water of the United States, the Report and Recommendation (**D.E. 571**) is APPROVED and ADOPTED. Accordingly, pursuant to 18 U.S.C. § 3564(d), the 3-year term of probation imposed upon defendant Braulio Agosto-Vega on February 28, 2013, and which was set to expire tomorrow February 27, 2016, is extended for two (2) additional years to allow for the initiation of the construction of the sanitary sewer system for the fifty-seven (57) houses of the Mansiones de Hacienda Jiménez Housing Development.

    SO ORDERED.

    At San Juan, Puerto Rico, on February 26, 2016.

                                              S/CARMEN CONSUELO CEREZO
                                              United States District Judge

---

"not humanly possible . . . to prepare adequate and well-founded objections in such a short time." He also averred that "an extension of time would have no effect on the government's request since the term of probation would continue running." Defendant is mistaken, however, as 18 U.S.C. § 3564(d) expressly provides that "[t]he court may . . . extend a term of probation . . . at any time prior to the expiration or termination of the term of probation . . ." (Emphasis ours.) Hence, no extension of defendant's probationary term may be made after tomorrow, February 27, 2016, when the 3-year term originally imposed expires. Nothing impedes defendant, however, to "prepare [an] adequate and well-founded" reconsideration of this Order within the period of time requested in his Urgent Motion.