**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>BRAULIO AGOSTO-VEGA,<br><br>**Defendant.** | **CRIMINAL NO. 5-157 (RAM)** |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

### I.   INTRODUCTION

This matter comes before the Court upon the Government's *Informative Motion and Request for Extension of Time* ("*Request for Extension*") and the Estate of Braulio Agosto-Vega's ("Defendant Agosto") *Motion for Return of Funds*. (Docket Nos. 623 and 624). Both parties are familiar with the factual background and procedural history of the above-captioned case which need not be repeated here.

In its *Request for Extension*, the Government requests a one-year extension of time on a Consented Order Restraining the Withdrawal of Funds ("Consented Order"), which has kept in escrow $1,200,000 deposited pursuant to a June 2, 2017, Settlement Agreement between the United States and Defendant. (Docket No. 623 at 1-2; *see* Docket Nos. 608, 608-1 and 616). Also pursuant to the

<u>Civil No. 5-157</u>                                                      Page 2

Settlement Agreement, the funds held in escrow were destined for construction of a sanitary sewer system. (*See* Docket No. 608 at 1-2). According to the Government, the Consented Order expires on June 2, 2025, and the Government has been taking steps to secure further funds to design and build the system. (Docket No. 623 at 1-2). It represents that these tasks will take 10-12 months. <u>Id.</u>

Defendant Agosto passed away and his Estate has moved for release of the funds. (*See* Docket No. 624). In a nutshell, the Estate contends that the funds held in escrow must be released because it is evident from the Government's filings that construction of the sanitary sewer system will not begin within the Construction Period stipulated in the Settlement Agreement. (*See* Docket No. 624 at 9-10). Alternatively, the Estate contends that the Government's delay is a breach of the implied covenant of good faith and fair dealing. <u>Id.</u> at 8, 10.

Having reviewed the party submissions, the Settlement Agreement, Consented Order, and the Restraining Order, the Court **DENIES** the Government's *Request for Extension* of the Consented Order at Docket No. 623 and **GRANTS** the *Motion for Return of Funds* at Docket No. 624. Simply put, the plain meaning of the Settlement Agreement requires release of the funds in the absence of any physical construction of the sanitary sewer system by **June 2, 2025.**

## II.  ANALYSIS

As noted by the Estate, the Settlement Agreement provides that it is to be construed pursuant to the laws of the United States. (*See* Docket No. 608-1 ¶ 10). "Under federal common law, a contract must be 'read in accordance with its express terms and the plain meaning thereof.'" *See* Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 31 (1st Cir. 2022) (citation omitted). Moreover, "[t]he contractual terms are accorded 'their ordinary meaning unless the parties mutually intended and agreed to an alternative meaning.'" Id. (citation omitted). Here, the plain language of the Settlement Agreement requires that the funds held in escrow be released if "physical construction" of the sanitary sewer system does not begin by June 2, 2025. Paragraph 1(e) of the Settlement Agreement states that:

> If physical construction work on the Project is not begun within the Construction Period, the Order will terminate without need for further action from either Party, and the balance of the Account, including any accrued interest, will revert to **AGOSTO**, or his heirs or estate, who will be fully authorized to withdraw the same.

(Docket No. 608-1 ¶ 1E). The term "construction period" is defined by the Settlement Agreement as 8-years from the entry of the Consented Order. *See* id. ¶ 1C. The Consented Order was entered on June 2, 2017. (Docket No. 616). Therefore, the Construction Period ends on June 2, 2025.

Civil No. 5-157                                                                                          Page 4

The Settlement Agreement does not define the term "physical construction". But the ordinary meaning of that term requires that that work be performed on the site where the sanitary sewer system is to be located and operated once built. The word "physical" means "connected with things that actually exist or are present and can be seen, felt, etc. rather than things that only exist in a person's mind". *See Physical*, OxfordLearnersDictionaries.com, https://www.oxfordlearnersdictionaries.com/us/definition/english/physical (last checked on May 30, 2025). The word "construction" means "the process or method of building or making something, especially roads, buildings, bridges, etc." *See Construction*, OxfordLearnersDictionaries.com, https://www.oxfordlearnersdictionaries.com/us/definition/english/construction (last checked on May 30, 2025). As further persuasive authority, it bears noting that at least one federal regulation defines "physical construction" to require tangible construction activity at a site. A regulation under the Resource Conservation and Recovery Act defines "physical construction" to mean "excavation, movement of earth, erection of forms or structures, or similar activity to prepare an HWM [Hazardous Waste Management] facility to accept hazardous waste." *See* 40 C.F.R. 270.2. Thus, the Settlement Agreement's "physical construction" requirement is not satisfied by design work.

Civil No. 5-157                                                      Page 5

Indeed, the Government does not assert that physical construction has begun on the site. Instead, and as noted earlier, it concedes that the Restraining Order expires on June 2, 2025.

As the First Circuit has admonished, "[i]t is no appropriate part of judicial business to rewrite contracts freely entered into between sophisticated business entities." *See* <u>U.S. Fire Ins. Co. v. Producciones Padosa, Inc.</u>, 835 F.2d 950, 957 (1st Cir. 1987) (citation and quotation marks omitted). Because the matter falls squarely within the express terms of the Settlement Agreement, the Court will not grant the Government an extension and will not address the Estate's alternate argument under the implied covenant of good faith and fair dealing.

### III. CONCLUSION

Given the plain meaning of the Settlement Agreement's text, and because physical construction of the sanitary sewer system will not begin by June 2, 2025, the funds and any accrued interest held in escrow pursuant to the Restraining Order at Docket No. 616 and the Settlement Agreement at Docket No. 608 must be released to Defendant Agosto's heirs as soon as practicable after June 2, 2025.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 30th day of May 2025.

                                           S/ RAÚL M. ARIAS-MARXUACH
                                           United States District Judge